**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                                        Plaintiff,<br><br>        v.<br><br>RAY JUNIOR DEL VILLAR,<br><br>                                        Defendant. | CRIM CASE NO. 12cr2416WQH<br>CIVIL CASE NO. 17cv2021WQH<br><br>**ORDER** |

HAYES, Judge:

This matter comes before the Court on the motion pursuant to 28 U.S.C. § 2255 filed by Defendant Ray Junior Del Villar. (ECF No. 227).

### BACKGROUND FACTS

On September 25, 2012, Defendant Ray Junior Del Villar entered a plea of guilty to Count One of an Indictment charging him with conspiracy to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Prior to sentencing, the United States Probation Office recommended the 2-level upward adjustment in United States Sentencing Guidelines § 3B1.1 for aggravated role. At the time of sentencing, Defendant opposed the application of this enhancement, the Government did not recommend the application of this enhancement, and the Court did not impose this enhancement. The Court stated: "[A]fter considering your objections and the entirety of the record before me, I'll sustain the objection and will not impose the plus two." (ECF No. 235-1 at 3). The Court calculated the sentencing guideline range without any enhancement for aggravating role to be 292 to 325 months. The Court stated: "I

1  an going to vary in this case from the 292 months under the 3553 factors.  I am going

2  to vary to 168 months in custody.

3      On December 18, 2012, the Court entered judgment imposing a sentence of 168

4  months in custody.  (ECF No. 81).

5      On October 2, 2017, Defendant filed a  motion pursuant to 28 U.S.C. § 2255 on

6  the grounds that his Fifth Amendment due process rights were violated "for illegally

7  being sentenced to leadership role" and his counsel was ineffective because counsel

8  made "no challenge to the illegality of the leadership role."  (ECF No. 227 at 3-4.)[1]

9      On December 11, 2017, Plaintiff United States filed a response.  Plaintiff

10  contends that the motion should be denied on the grounds that the Court did not impose

11  any enhancement for aggravated role.

## RULING OF THE COURT

13      The record conclusively establishes that the Court did not impose any

14  enhancement for leadership role in calculating the guideline range.  The record

15  conclusively establishes that the Court sustained the objection to the recommendation

16  of the United States Probation Office for a 2-level upward adjustment to United States

17  Sentencing Guidelines § 3B1.1 for aggravated role.  The record conclusively

18  establishes that consideration of leadership role did not play a role in the sentence

19  imposed.  There are no grounds to support a claim for ineffective counsel.  Defendant

20  counsel opposed the recommendation of probation for a role enhancement and the

21  Court adopted the position taken by defense counsel.

24  / / /

---

26      [1] The motion makes reference to "involuntary waiver of direct appeal."  (ECF No. 227
at 4).  These claims appear directed to the Order filed by the Court of Appeals (ECF No. 228)
27  informing Petitioner that the dismissal of his appeal did not foreclose a motion under 28 U.S.C.
§ 2255 raising the issue of ineffective assistance of counsel.  In the Plea Agreement, Petitioner
28  waived his right to "appeal or collaterally attack his sentence, except a post-conviction
collateral attack based upon ineffective assistance of counsel...."  (ECF No. 49 at 9).

IT IS HEREBY ORDERED that the motion pursuant to 28 U.S.C. § 2255 filed by Defendant Ray Junior Del Villar (ECF No. 227) is denied. The Clerk of the Court shall enter Judgement against Defendant and close the related civil case.

DATED: January 2, 2018

William Q. Hayes
**WILLIAM Q. HAYES**
United States District Judge